JOHN T. GILBERT v. W. F. KNIGHT.

(No. 5450.)

APPEAL from Brown County.   Opinion by WILLSON, J.

SCOTT & JENKINS, counsel for appellant.

No counsel appeared for appellee.

§ 315. *Award of arbitrators held valid; case stated.* This is a proceeding under the statute of arbitration and awards.   The agreement to arbitrate was signed by appellant for himself and for the firm of Knight & Gilbert, of which appellant was a member, as defendants, and by appellee as plaintiff.   It provides for a settlement of all matters in dispute or controversy between the parties

thereto. It was filed with the clerk of the county court, and the arbitrators therein named, as also an umpire, were duly sworn by said clerk. Having arbitrated the matters submitted by said agreement, an award in writing was made and signed by one of the arbitrators and the umpire, and returned to and filed with said clerk. Said award was in favor of appellant against appellee for $350. Appellee filed numerous objections to said award being made the judgment of the court. One of said objections is, "because the agreement to arbitrate purports to have been between W. F. Knight as plaintiff and Gilbert & Knight as defendants, and of and concerning the accounts of said W. F. Knight, including his charge for services with said Gilbert & Knight, when the award now here filed is in favor of John T. Gilbert alone and directs W. F. Knight to pay said Gilbert $350. W. F. Knight alleges that he never agreed to any such arbitration, and that the award does not respond to the agreement and is not responsive to the issue herein set forth." This exception was sustained by the court and the court refused to make the award its judgment. *Held* error. It is apparent from the record that there is no substantial departure from the agreement in the award. The matters of dispute and controversy mentioned in said agreement were the identical matters considered and determined by the arbitrators and settled by the award. It is shown by the record that, in all respects, the arbitration was conducted in accordance with the statute; and further, that the parties to the agreement were present during said arbitration, introduced their evidence, etc. That the award is in favor of appellant individually and alone is no valid objection to it, when urged by appellee.

§ **316.** *Award may be set aside, when.* If, as alleged in one of appellee's objections, there was gross mistake committed by the arbitrators, this would be a valid defense against the award. [W. & W. Con. Rep. § 221.] Awards are regarded with peculiar favor by the law, and will not be set aside for trivial reasons. In the absence of fraud,

mistake or misconduct, the award will be held final and conclusive as to all matters which were embraced in the arbitration agreement. [2 W. Con. Rep. § 349.]

June 22, 1887.                    Reversed and remanded.